Joseph P. HILBURT, Appellant–Plaintiff,

v.

The TOWN OF MARKLEVILLE, Indiana, and The Board of Trustees of the Town of Markleville, Individually, and as Board of Trustees of the Town of Markleville, Appellees–Defendants.

No. 48A02–9410–CV–596.

Court of Appeals of Indiana, Second District.

March 27, 1995.

Transfer Denied Aug. 15, 1995.

David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Michael R. Morow, Stephenson Daly Morow & Kurnik, Indianapolis, for appellees.

## OPINION

FRIEDLANDER, Judge.

Joseph P. Hilburt appeals a grant of summary judgment in favor of the Town of Markleville, Indiana, the Board of Trustees of the Town of Markleville, and the members of the Board of Trustees of the Town of Markle-ville, individually (hereinafter collectively referred to as "the Town"). Hilburt presents several issues for review, which we consolidate and restate as follows:

Was Hilburt entitled to continued employment as town marshal unless and until he was removed pursuant to the procedure set out in IC 36–8–3–4?

We affirm.

The facts favorable to Hilburt, the non-moving party, are that Hilburt was employed as the Town's marshal from November, 1987 through December 31, 1992, pursuant to a series of written contracts. The first contract was for the period from January 1 through December 31, 1988, the second contract ran from January 1, 1989 through December 31, 1990, and the third contract ran from January 1, 1991 through December 31, 1992. In late 1992, when his contract was about to expire, Hilburt applied for the marshal position for the following two-year period.

At a December 7, 1992 special meeting of the Markleville Town Council, the Council voted to accept Samual Weist's application for town marshal. Hilburt was notified of the decision in the following letter:

"Joseph P. Hillburt [sic]

On December 31, 1992, your contract as town marshal expires. The town council has advertised the marshal's position and received several applications. We have voted to award the 1993–94 Marshal's contract to another person.

The town council, and the town of Markle-ville, would like to thank you for your six years of service. We all appreciate what you have done for our community." *Record* at 9, 77

The letter was signed by three of the four members of the Council.

On July 6, 1993, Hilburt filed a complaint alleging that his termination was in contravention of Ind.Code 36–8–3–4, which sets out the procedure for disciplining, demoting, or dismissing police officers. Among other things, IC 36–8–3–4 provides that before a police officer may be dismissed, he must be granted the opportunity for a hearing if re-

quested.[1] On October 12, 1993, Hilburt filed a motion seeking partial summary judgment on the issue of liability. In his motion, Hilburt argued that he was a "tenured" marshal, as that term is defined in Ind.Code 36–5–7–3,[2] and was therefore entitled to the procedural safeguards set out in IC 36–8–3–4. Most notably, Hilburt argued that he had been denied the right to a hearing "prior to discharge." *Record* at 33. Hilburt also argued that the Town's actions violated his rights as set out in Article I, Section 12 of the Indiana Constitution because the Town had deprived him of property, i.e., tenured employment, and injured his reputation without due course of law. Finally, Hilburt argued that the meeting at which the decision to hire Weist was made violated Indiana's Open Door Law, Ind.Code 5–14–1.5–3, because "it [could] be inferred from the complaint in this case that the Town failed to give public notice of the December 2, 1992 meeting."[3] *Record* at 39.

The Town responded with a summary judgment motion of its own, arguing that Hilburt's term of employment was contractual in nature, and that the contract called for his employment to expire on December 31, 1992. The Town contended that, because Hilburt's term had ended, the decision to hire a new marshal was not tantamount to "terminating" Hilburt and IC 36–5–7–3, and thus IC 36–8–3–4, was not applicable. The trial court denied Hilburt's motion for partial summary judgment and granted the Town's motion for summary judgment.

■ When reviewing a grant of summary judgment, our task is the same as that of the trial court. We examine, in a light most favorable to the nonmovant, the designated portions of the pleadings, affidavits, answers to interrogatories, responses to requests for admissions, and depositions, to determine whether there exist issues of material fact which were designated to the trial court, and whether the movant is entitled to judgment as a matter of law. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *trans. denied.*

■ The question confronting us is one of statutory construction, i.e., whether the legislature intended that the provisions of IC 36–8–3–4 apply when a town marshal employed pursuant to a contract for a stated term is not rehired at the expiration of the term. When construing the meaning of a statute, our objective is to determine and effect the intent of the legislature. *Matter of Lawrance* (1991), Ind., 579 N.E.2d 32. Accordingly, we must consider the goals and purpose of the statute, and the reasons and policy underlying the statute's enactment. *Indiana State Police Dept. v. Turner* (1991), Ind.App., 577 N.E.2d 598, *trans. denied.* We are guided by the principle that the best evidence of the legislature's intent is the language of the statute itself. *Jackson v. Union–North United School Corp. By and Through Bd. of School Trustees* (1991), Ind. App., 582 N.E.2d 854, *trans. denied.*

Although IC 36–5–7–3 is the focus of our inquiry, the questions of its meaning and applicability in the instant case cannot be

1. The record reflects that no hearing of the kind set out in IC 36–8–3–4 was held prior to the decision to award the marshal contract to Weist.

2. IC 36–5–7–3 provides:
   "The marshal serves at the pleasure of the town legislative body. However, before terminating or suspending a marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements adopted by the law enforcement training board under IC 5–2–1–9, the legislative body must conduct the disciplinary removal and appeals procedure prescribed by IC 36–8 for the city fire and police departments."
   We note that the Town did not argue to the trial court, and does not argue upon appeal, that

Hilburt was not tenured within the meaning of IC 36–5–7–3.

3. Presumably, Hilburt was referring to the meeting at which the Council decided to accept West's application for the marshal position. The minutes of the December 2 meeting do not reflect that the matter was considered by the Council on that date. However, a notation at the end of the minutes for the December 2 meeting indicate that a special council meeting was held on December 7. The minutes reflect that the decision to hire Weist was made at the December 7 meeting. In any event, Hilburt failed to offer legal argument upon this issue in his appellate briefs. The argument is therefore waived. Indiana Rules of Appellate Procedure, Rule 8.3(A)(7).

addressed without considering the intent and purpose of the statute which it incorporates by reference, i.e., IC 36–8–3–4.

The purpose of IC 36–8–3–4 is two-fold: first, it is intended to protect police officers and their office; second, it is intended to enhance the public's interest in being protected by police departments comprised of well-disciplined officers. *Connell v. City of Logansport* (1979), Ind.App., 397 N.E.2d 1058. The statute provides an exclusive list of reasons for demoting, dismissing, reprimanding, subjecting to forfeiture, or suspending police officers. The actions listed in IC 36–8–3–4(b) which subject an officer to sanctions may generally be characterized as misconduct. *See State v. Carey* (1961), 241 Ind. 692, 175 N.E.2d 354.

When a police officer is to be charged with one of the actions listed in IC 36–8–3–4(b), the statute's procedural safeguards are triggered. "A hearing for dismissal is a search for truth concerning the charges levied against a police officer." *Shoaf v. City of Lafayette* (1981), Ind.App., 421 N.E.2d 1168, 1171 (construing Ind.Code 18–1–11–3, the predecessor to IC 36–8–3–4). Such hearing must be "a fair hearing conducted in good faith before a full and impartial body.... [T]he procedural standards should be at the highest level workable under the circumstances, and ... the fact-finding process should be free of suspicion or even the appearance of impropriety." *Atkinson v. City of Marion* (1980), Ind.App., 411 N.E.2d 622, 628.

Therefore, IC 36–8–3–4 was intended to provide a mechanism for sanctioning police officers upon a showing of cause, while at the same time ensuring that those subjected to such sanctions be granted protections calculated to ascertain the truth of the misconduct charges. IC 36–8–3–4 is applicable to Hilburt, if at all, because its provisions are adopted by reference for tenured town marshals who are "terminated." The question is, was Hilburt "terminated", within the meaning of IC 36–5–7–3, at midnight on December 31, 1992?

■ As set out above, IC 36–8–3–4 applies when a city or town seeks to terminate a police officer for any one of several forms of misconduct designated in the statute. Implicit in this scheme is the notion that a "dismissal" within the meaning of IC 36–8–3–4 terminated employment at a time when the officer otherwise had a right to continued employment. By incorporating by reference into IC 36–5–7–3 the procedural rights and protections of IC 36–8–3–4, it is apparent that the legislature intended to confer upon tenured marshals the procedural protections enumerated in Title 36, Chapter 8 only when suspension for cause or early termination is sought.

In the instant case, Hilburt was not terminated prior to the expiration of his contract. He signed a two-year contract to be Markleville's marshal and the contract expired on December 31, 1992. However, were we to attribute to the statute the meaning which Hilburt urges, a *de facto* right of indefinite employment would result and a term-of-years contract would be in contravention of such a right. We address the question of whether IC 36–5–7–3 contains such a right.

The town marshal position is governed by the provisions of IC 36–5–7 *et seq.* IC 36–5–7–3 states that the "marshal serves at the pleasure of the town legislative body." This language indicates that the marshal is an employee at will and further indicates that the marshal may be terminated or suspended at the legislative body's discretion. There is, however, one notable exception.

> "[B]efore terminating or suspending a marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements adopted by the law enforcement training board under IC 5–2–1–9, the legislative body must conduct the disciplinary removal and appeals procedure prescribed by IC 36–8 for city fire and police departments." IC 36–5–7–3.

The above statute confers upon marshals meeting the two conditions the right to the procedures set out in IC 36–8. This provision thus separates town marshal into two categories: those who are tenured and those who are not. Those who are not tenured serve at the pleasure of the town legislative body and may be summarily terminated or

suspended. Those who are tenured, while still serving at the pleasure of the legislative body, may not be terminated without the procedural requirements set out in IC 36–8.

▪ At first blush, it would appear inconsistent to state both that someone is employed "at the pleasure of" another but that, in certain instances, the employer must implement particular procedures prior to terminating employment. However, when construing a statute, courts attempt to reconcile all of the provisions of a statute, even those apparently in conflict with one another. *See In re Adoption of Chaney* (1958), 128 Ind. App. 603, 150 N.E.2d 754. We note that the statute specifies that "the legislative body must conduct the *disciplinary* removal and appeals procedure prescribed by IC 36–8 for city fire and police departments." IC 36–5–7–3 (emphasis supplied). Therefore, the "termination" referred to in IC 36–5–7–3 is that which results from misconduct charges, or that which occurs at a time when the marshal had a right to continued employment. We find nothing in IC 36–5–7–3 which explicitly or implicitly forbids limiting the duration of a town marshal employment by use of a term-of-years contract.

▪ Hilburt claims that a right of permanent employment emanating from IC 36–8–3–4 was recognized in *State v. Richards* (1932), 203 Ind. 637, 180 N.E. 596 (construing Section 10864 of Burns Code (1926), a predecessor to IC 36–8–3–4). We agree that the court found such a right in IC 36–8–3–4 with regard to police officers. However, in creating a special statute pertaining to town marshals, the legislature evidenced an intent that marshals be regarded differently than other police officers. Were it otherwise, the legislature would have incorporated by reference the entirety of Chapter 8 as applicable to town marshals. The legislature did not do this. Rather, the legislature explicitly incorporated only the disciplinary removal and appeals *procedures* contained therein, to be applied when those who have satisfied the qualifying conditions are "terminated." We conclude that IC 36–5–7–3 does not confer upon town marshals a right to permanent employment. It follows, therefore, that a town marshal may be employed pursuant to a term-of-years contract, at the expiration of which the employment ceases.

▪ In the instant case, Hilburt served the full term of employment called for by contract. His separation from employment was neither premature nor for cause. He therefore was not "terminated" within the meaning of IC 36–5–7–3. Our conclusion in this regard is in harmony with that of Judge Sarah Evans Barker, who granted the Town's motion to dismiss an action brought by Hilburt in federal court alleging violation of federal constitutional rights emanating from the same occurrence. Regarding the termination of Hilburt's employment, Judge Barker stated:

> "There is another, perhaps subtle but nonetheless important point: the plaintiff labels what occurred as being his termination and discharge.... It would appear ... that what occurred here is that the plaintiff's contract expired and the town council did not renew it. The Court does not discern from the complaint or even the opposition to the motion to dismiss the claim that the plaintiff had an automatic renewal clause in his contract or that provisions for sooner or more elaborate notification of its nonrenewal than what was actually provided.... [The plaintiff's claim] amounts to a claim that Indiana law creates a perpetual right of contract renewal for a town marshal. [Footnote omitted.]
>
> The Court is not persuaded ... that the factual allegations which the plaintiff makes correctly center on concepts such as 'dismissal,' 'termination,' 'discharge' or 'discipline.' Those are the concepts or the actions which the Indiana statute addresses." *Record* at 84–85.

Further, there was no allegation of misconduct or impropriety leveled against Hilburt at any time. Thus, there was no need of the procedural safeguards set out in IC 36–8–3–4 because there were no charges against which to defend. In fact, the letter notifying Hilburt that he had not been chosen to serve as marshal for the next two years was complimentary of his performance as marshal and gracious in tone.

We therefore conclude that Hilburt was not "terminated" within the meaning of IC 36–5–7–3 and the procedures set out in IC 36–8–3–4 are inapplicable. This being the case, and absent a right of renewal of the contract for marshal or a right of permanent employment once appointed marshal, the trial court correctly concluded that Hilburt's complaint failed to state a claim upon which relief could be granted and properly granted summary judgment in favor of the Town.

We address briefly claims of constitutional rights violations presented by Hilburt. Hilburt seeks redress for alleged violation of rights granted by Article I, Section 12 of the Indiana Constitution, which states that "every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Even assuming, but expressly not deciding, that an action for damages such as Hilburt's may be brought under Section 12, Hilburt's constitutional arguments fail on the merits.

■ Although it is true that the rights conferred upon police officers in IC 36–8–3–4 comprise a constitutionally protected property interest, we have concluded that the rights in IC 36–5–7–3 and IC 36–8–3–4 are not coterminous and that IC 36–5–7–3 does not include the right of permanent employment. Thus, as previously explained, tenure in the context of IC 36–5–7–3 is not tantamount to a right of permanent employment. Rather, when "tenure" is attained, a police officer gains the benefit of the provisions of IC 36–8–3–4 when sanctions or early termination for cause are sought. When, as here, IC 36–5–7–3 is not applicable, the constitutionally protected property right residing therein is not implicated. Accordingly, redress under Article I, Section 12, is not available.

With regard to the right to seek remedy by due course of law for injury to reputation, we have previously stated our conclusion that Hilburt failed to demonstrate that his reputation was injured. Hilburt was not "terminated", nor did Hilburt designate materials from which it may reasonably be inferred that the Town's decision to hire someone else was premised upon its belief that Hilburt was somehow unfit to be marshal. Whatever the Town's motivation for choosing to hire Weist rather than Hilburt, the decision was made, communicated, and implemented in such a way as to be devoid of indication that it was premised upon unspecified misconduct or shortcomings on Hilburt's part.

Finally, because we have concluded that Hilburt's claim fails on the merits, we need not address the question of whether his action is governed by the notice provision of the Tort Claims Act.

Judgment affirmed.

SHARPNACK, C.J., and SULLIVAN, J., concur.