**Vaughn MARTIN and Whitehall Against Residential Mining, Appellants–Petitioners,**

v.

**MONROE COUNTY PLAN COMMISSION and Hillside Stone Company, Spencer Young, Ron Laswell, and Arthur Young, Appellees–Respondents.**

No. 53A02–9507–CV–418.

Court of Appeals of Indiana.

Jan. 31, 1996.

Rehearing Denied May 30, 1996.

Daniel M. Mills, Bloomington, for appellants.

David B. Schilling, Monroe County Attorney's Office, Bloomington, for appellees.

## OPINION

BAKER, Judge.

Appellants-petitioners Vaughn Martin and Whitehall Against Residential Mining (WARM) appeal the trial court's dismissal of their petition for writ of certiorari, which requested the trial court to review the decision of appellees-respondents Monroe County Plan Commission (Plan Commission) granting a conditional use permit to Hillside Stone Company and its owners and partners Spencer Young, Arthur Young, and Ron Laswell. Martin and WARM raise several issues for review, which we restate as: whether the trial court erred in determining Martin and WARM failed to exhaust their administrative remedies.[1]

### FACTS

During the spring of 1994, Hillside Stone Company filed an application for a conditional use permit with the Plan Commission for purposes of constructing a limestone mine on west State Road 48 in Monroe County, Indiana. The Plan Commission held a hearing on June 21, 1994, at which Hillside testified regarding its proposed mining operations. Martin and WARM, which is composed of residents of the Whitehall area of Monroe County who oppose the construction of the mine, testified that Hillside should not be granted a conditional use permit. After Martin and several Plan Commission members expressed concerns regarding the mining operation, the Plan Commission continued the hearing until July 19, 1994, to further study the application. When the hearing resumed, the Plan Commission voted to grant Hillside a conditional use permit.

On August 15, 1994, Martin and WARM filed a petition for a writ of certiorari, asking the trial court to review and reverse the Plan Commission's decision granting the conditional use permit. Specifically, Martin and WARM alleged that the granting of the permit was illegal. On September 6, 1994, the Plan Commission filed its motion to dismiss the petition alleging: 1) the verification of the petition was defective; 2) Martin and WARM were not aggrieved by the granting of the permit; 3) Martin and WARM did not have standing to challenge the permit, 4) the trial court lacked subject matter jurisdiction over the petition for writ of certiorari, and 5) Martin and WARM had failed to exhaust their administrative remedies. The trial court held a hearing on the Plan Commission's motion on December 19, 1994, and entered findings of fact and conclusions of law on February 2, 1995, dismissing the petition for writ of certiorari. Martin and WARM then filed a motion to correct errors on March 3, 1995, which the trial court denied on March 24, 1995.

### DISCUSSION AND DECISION

 In its order dismissing Martin and WARM's petition, the trial court found that they had failed to exhaust their administrative remedies prior to seeking review in the trial court, and as a result, the trial court lacked subject matter jurisdiction over the petition. Record at 167–68. Generally, if an administrative remedy is available, it must be pursued before the claimant is allowed access to the courts. *Spencer v. State* (1988), Ind. App., 520 N.E.2d 106, 108, *trans. denied.* A party's failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction. *Greenbrier Hills, Inc. v. Boes* (1985), Ind.App., 473 N.E.2d 1040, 1042. In certain circumstances, however, a party is not required to exhaust his administrative

---

1. We recognize that Martin and WARM raise numerous challenges to the trial court's ruling, including: 1) the trial court erroneously treated the Plan Commission's motion as a motion to dismiss rather than a motion for summary judgment; 2) the Board of Zoning Appeals, and not the Plan Commission, has the exclusive authority to grant a conditional use permit; 3) the Plan Commission's action erroneously allowed an industrial use to occur in an area zoned for agricultural use; and 4) the trial court erred in determining Martin and WARM failed to exhaust their administrative remedies before filing for a writ of certiorari. Our disposition of the fourth issue, however, which includes a discussion of the second issue, makes consideration of Martin and WARM's other contentions unnecessary.

remedies prior to seeking judicial review. Such circumstances include: where compliance with the exhaustion rule would be futile; where an applicable statute is charged to be void on its face; or where strict compliance would result in irreparable harm. *Northside Sanitary Landfill, Inc. v. Indiana Envtl. Mgmt. Bd.*, (1984), Ind.App., 458 N.E.2d 277.

■ In the instant case, the trial court found that Martin and WARM failed to comply with Section 812–2 of the Monroe County Zoning Ordinance (Ordinance), which requires appeals of decisions of the Plan Commission to be presented to the Board of Zoning Appeals prior to presentment for review in the trial court. Martin and WARM, however, argue that they were not required to exhaust the administrative remedies provided for in the Ordinance because the Ordinance is void or illegal in that it is in conflict with IND.CODE §§ 36–7–4–918.2 and 36–7–4–1003.

I.C. § 36–7–4–918.2 provides that a board of zoning appeals shall approve or deny all applications for conditional uses. Persons aggrieved by board decisions can seek certiorari review of the legality of the decisions in the circuit or superior court of the county in which the affected premises are located. I.C. § 36–7–4–1003. Thus, the Ordinance, which provides that the Plan Commission may approve or deny applications for conditional use permits and requires that appeals be presented first to the Board of Zoning Appeals and then to the trial court, is in conflict with I.C. §§ 36–7–4–918.2 and 36–7–4–1003.

However, in addition to the procedure outlined in these statutes, IND.CODE §§ 36–7–4–923 and 36–7–4–924 (Alternate Procedure Statutes) provide an alternate procedure for considering applications for conditional use permits. Under these sections, a plan commission has the authority to appoint a hearing officer to approve or deny applications for conditional use permits. The hearing officer can be a board member, a staff member, or any other person. I.C. § 36–7–4–923(d). Decisions of plan commissions made pursuant to I.C. § 36–7–4–923 are to be appealed to a board of zoning appeals. I.C. § 36–7–4–924. According to the Plan Commission, in enacting the Ordinance they were invoking the Alternate Procedure Statutes and appointing themselves as the hearing body. For several reasons, Martin and WARM contest the Plan Commission's contention that they were acting pursuant to I.C. § 36–7–4–923.

■ First, Martin and WARM contend that the Plan Commission never acknowledged that it was acting pursuant to the Alternate Procedure Statutes. The Alternate Procedure Statutes, however, do not require that the Plan Commission officially state that it was acting pursuant to those statutes. Because we must construe a statute according to what it does not say as well as what it says, we cannot read such a requirement into the statute. *See Health and Hosp. Corp. of Marion County v. Marion County* (1984), Ind.App., 470 N.E.2d 1348, 1355, *trans. denied* (when certain items or words are specified or enumerated in a statute, then, by implication, other items or words not so specified or enumerated are excluded).

Second, Martin and WARM argue that the trial court did not refer to the Alternate Procedure Statutes in its order dismissing the writ of certiorari. Notwithstanding this omission, however, the trial court did state that Martin and WARM failed to appeal the decision of the Plan Commission to the proper body pursuant to the Ordinance. It was not necessary for the trial court to state that the Alternate Procedure Statutes gave the Plan Commission the authority to approve or deny the conditional use application.

■ Finally, Martin and WARM argue that the language of I.C. § 36–7–4–923 precludes the Plan Commission's appointment of itself as a hearing body. The Alternate Procedure Statutes specifically state that "persons" can be appointed as hearing officers. I.C. § 36–7–4–923(d). IND.CODE § 36–1–2–12, which is applicable to Title 36 of the Indiana Code, defines persons to include governmental entities. This court, as well as the Indiana Code, has included plan commissions within the definition of governmental entities. IND.CODE § 34–4–16.5–2(c) and (f). Thus, we find the Plan Commission had the author-

ity to appoint itself as a hearing body under the Alternate Procedure Statutes.

Because we determine that the Plan Commission's action in appointing itself as hearing body pursuant to the Alternate Procedure Statutes was consistent with those statutes, we find that the Ordinance is not void or illegal, and that the Plan Commission was entitled to hear Hillside's application for a conditional use permit. As a result, Martin and WARM were required under the Ordinance to appeal the Plan Commission's decision to the Board of Zoning Appeals before seeking review in the trial court. Because Martin and WARM did not follow this procedure, they failed to exhaust their administrative remedies and the trial court was correct in determining that it lacked subject matter jurisdiction to entertain their appeal.[2]

Judgment affirmed.

NAJAM and CHEZEM, JJ., concur.

---

**2.** We note that if Martin and WARM intended to challenge the legality of the Ordinance itself rather than the Plan Commission's actions under the Ordinance, the proper procedure would have been to file a declaratory judgment action against the legislative body that adopted the ordinance, not to file for a writ of certiorari. *See Bryant v. Lake Co. Trust Co.* (1972), 152 Ind.App. 628, 284 N.E.2d 537.