Tony E. SPOON, Appellant–Plaintiff,

v.

TOWN OF PITTSBORO,
Appellee–Defendant.

No. 32A01–9804–CV–137.

Court of Appeals of Indiana.

Feb. 25, 1999.

Frank W. Hogan, Symmes, Voyles, Zahn, Paul & Hogan, Indianapolis, Indiana, Attorney for Appellant.

Mark S. O'hara, Hostetter & O'Hara, Brownsburg, Indiana, Attorney for Appellee.

**OPINION**

ROBB, Judge

*Case Summary*

Appellant–Plaintiff, Tony E. Spoon ("Spoon"), appeals the trial court's order dismissing his complaint against Appellee–Defendant, Town of Pittsboro, Indiana ("Pittsboro"). We affirm.

## Issues

Spoon presents two issues for our review. We find the following dispositive:

I. Whether the trial court erred when it concluded that Spoon's claim against Pittsboro must be dismissed because Spoon failed to exhaust his administrative remedies with the Indiana Law Enforcement Training Board.

## Facts and Procedural History

The facts show that Spoon was a Deputy Marshal for Pittsboro from October 1990 until September 24, 1996, the date of his termination. By a letter dated September 24, 1996, the Pittsboro Marshal notified Spoon that he was ineligible for continued employment because he failed to comply with his inservice training requirements. The Marshal had been notified of Spoon's ineligibility for employment by a letter from the Indiana Law Enforcement Training Board ("ILETB"). ILETB reported to the Marshal that Spoon only received eight of the sixteen annual hours of required inservice training. When Spoon received his letter from the Pittsboro Marshal, he wrote a letter to the Pittsboro Town Council and the Pittsboro Marshal requesting a hearing for purposes of appealing his termination. The Pittsboro Town Council set the matter for hearing on October 14, 1996, and Spoon and his attorney attended this hearing with proof that Spoon had completed his sixteen annual hours of inservice training. Pittsboro, however, ruled that it had no authority to determine whether Spoon had complied with the inservice training requirements. It decided that Spoon would have to present his proof to the ILETB in order to redress his complaint. Pittsboro scheduled further consideration of the issue for the next town council meeting "pending review with [ILETB]." (R. 245). Spoon did not present an appeal to the ILETB.

## Discussion and Decision

■ Spoon argues that the trial court erred when it dismissed his action against Pittsboro. In particular, Spoon argues that his Due Process rights were violated when he was denied a hearing with Pittsboro to re-view his claim that he complied with his inservice training requirements. We disagree.

■ The trial court entered an order dismissing Spoon's complaint against the town because Spoon failed to "exhaust the administrative remedies he has before the Law Enforcement Training Board." (R. 114). Generally, a person must exhaust all administrative remedies before petitioning a court for judicial review. Indiana Code § 4–21.5–5–4; *Martin v. Monroe County Plan Com'n,* 660 N.E.2d 1073, 1074 (Ind.Ct.App.1996), *trans. denied.* Failure to exhaust such remedies creates a jurisdictional defect and makes dismissal of the action pursuant to Trial Rule 12(B)(1) for lack of subject matter jurisdiction appropriate. *Common Council of City of Hammond v. Matonovich,* 691 N.E.2d 1326, 1328-29 (Ind.Ct.App.1998), *trans. denied.*

Spoon's employment with Pittsboro was terminated after the ILETB determined that he did not fulfill his inservice training requirements for 1995. The ILETB has the authority to require minimum inservice training requirements pursuant to Indiana Code section 5–2–1–9(g) which reads, in pertinent part, as follows:

> The board shall adopt rules under IC 4–22–2 to establish a mandatory inservice training program for police officers. After June 30, 1993, *a law enforcement officer who has satisfactorily completed the basic training and has been appointed to a law enforcement department or agency on either a full-time or part-time basis is not eligible for continued employment unless the officer satisfactorily completes a minimum of sixteen (16) hours each year of inservice training* in any subject area included in the law enforcement academy's basic training course or other job related subjects that are approved by the board as determined by the law enforcement department's or agency's needs.

Ind.Code § 5–2–1–9(g) (emphasis added). Pursuant to this statute, the ILETB promulgated 250 IAC 1–5.3–1 which states that a law enforcement officer "is not eligible for continued employment unless the officer suc-

cessfully completes a minimum of sixteen (16) hours of inservice training each year." 250 IAC 1–5.3–1. The grievance procedures for challenging an action by ILETB are outlined in 250 IAC 1–5.3–5 which states:

> Any person who feels aggrieved by an action associated with the sixteen (16) hour mandatory inservice training requirement may request, in writing, a hearing before the executive director of the board. If the person still feels aggrieved following a hearing before the executive director, the person may request, in writing, a hearing before the board. Any person who still feels aggrieved after hearings before both the executive director and the board may file a petition for judicial review under IC 4–21.5–5–13.

250 IAC 1–5.3–5.

■ Spoon claims that irrespective of the grievance procedures of 250 IAC 1–5.3–5, he is entitled to the protections of Indiana Code § 36–8–3–4 which outlines the disciplinary procedures for removing an officer. This statute states in pertinent part as follows:

> [A] member may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon either:
>
> (1) conviction in any court of any crime; or
>
> (2) a finding and decision of the safety board that the member has been or is guilty of any one (1) or more of the following:
>
> > (A) Neglect of duty.
> >
> > (B) A violation of rules.
> >
> > (C) Neglect or disobedience of orders.
> >
> > (D) Incapacity.
> >
> > (E) Absence without leave.
> >
> > (F) Immoral conduct.
> >
> > (G) Conduct injurious to the public peace or welfare.
> >
> > (H) Conduct unbecoming an officer.
> >
> > (I) Another breach of discipline.

Indiana Code § 36–8–3–4(b). Indiana Code Section 36–8–3–4(c) states that before an officer may be dismissed, he is entitled to a hearing. The protections of Indiana Code § 36–8–3–4 apply to deputy town marshals pursuant to Indiana Code § 36–5–7–3 and –6.

Indiana Code § 36–5–7–6 states that a deputy marshal may be terminated by the town marshal *at any time;* however, "a deputy marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements adopted by the law enforcement training board ... may be dismissed only if the procedure prescribed by [IC 36–5–7–3] is followed." Ind.Code § 36–5–7–6(c). Indiana Code Section 36–5–7–3 states that before terminating a marshal who has been employed for more than six months after completing the minimum basic training requirements, "the legislative body must conduct the *disciplinary removal* and appeals procedure prescribed by IC 36–8 for city fire and police departments." Ind.Code § 36–5–7–3 (emphasis added). We conclude that Spoon was not entitled to a hearing pursuant to Indiana Code §§ 36–5–7–3, 36–5–7–6, and 36–8–3–4(c). According to the plain language of Indiana Code § 36–8–3–4, the procedural protections outlined therein only apply when an officer is being disciplined by dismissal. Concurrently, Indiana Code § 36–5–7–3 refers to this procedural protection as a disciplinary removal and appeals procedure. Thus, we conclude that the procedural protections do not apply unless the marshal is being disciplined by dismissal from office.

Our conclusion in this regard is consistent with this court's holding in *Hilburt v. Town of Markleville,* 649 N.E.2d 1036 (Ind.Ct.App. 1995), *trans. denied.* In *Hilburt,* we held that marshals do not have a permanent right to employment pursuant to Indiana Code § 36–8–3–4 because the legislature clearly intended otherwise by enacting Indiana Code § 36–5–7–3 and 6. The *Hilburt* court further concluded that "the 'termination' referred to in IC 36–5–7–3 is that which results from *misconduct* charges, *or that which occurs at a time when the marshal had a right to continued employment."* *Hilburt,* 649 N.E.2d at 1040 (emphasis added) (holding that there may be a right to continued employment when the marshal has a contract for a specified term of employment). In the present case, Spoon was not terminated for disciplinary reasons, nor has he shown that he had a right to continued employment

through a contract at the time of his termination. Rather, Pittsboro terminated Spoon after the ILETB notified it that he was "ineligible for continued employment." (R. 16). Thus, Spoon was not entitled to a hearing under Indiana Code § 36–8–3–4(c). *Hilburt*, 649 N.E.2d at 1040 (holding that when there is no allegation of misconduct or impropriety leveled against the marshal, there is no need of the procedural safeguards set out in Indiana Code § 36–8–3–4; for, there are no charges against which to defend).

Furthermore, Spoon's attempt to appeal the limited hearing he received from the Pittsboro Town Council must fail. Because Spoon did not follow the grievance procedures outlined in 250 IAC 1–5.3–5, both the Town Council and the trial court were without subject matter jurisdiction to question the determinations of ILETB. Pittsboro has admitted that its town council acts as the safety board for purposes of Indiana Code § 36–8–3–4. *See* Ind.Code § 36–8–3–4(a) ("the appropriate appointing authority of a town ... is considered the safety board of a town...."). Indiana Code Section 36–8–3–4 does not confer upon the safety board the power to determine whether an officer has fulfilled his inservice training requirements. Thus, Pittsboro was without authority to question ILETB's ruling that Spoon was ineligible for employment. *See Miller v. Gibson County Solid Waste Management Dist.*, 622 N.E.2d 248, 259–260 (Ind.Tax 1993) (holding that no administrative agency has the prerogative to make decisions properly committed to any other agency). Similarly, the trial court was without authority to review Spoon's claims because a party is not entitled to judicial review unless it exhausts its administrative remedies. *See Martin*, 660 N.E.2d at 1074. Thus, we conclude that the trial court did not err when it dismissed the action underlying this appeal because Spoon failed to exhaust his administrative remedies pursuant to 250 IAC 1–5.3–5.

Affirmed.

BAKER, J., and GARRARD, J., concur.