Lloyd Ray **CHESSER**, Appellant–Plaintiff,

v.

**CITY OF HAMMOND, INDIANA, and City of Hammond, Police Department**, Appellee–Defendants.

No. 45A04–9909–CV–406.

Court of Appeals of Indiana.

March 24, 2000.

C. Jerome Smith, Law Office of Smith & Marshall, Hammond, Indiana, Attorney for Appellant.

Diana C. Gonzalez, David W. Weigle & Associates, Hammond, Indiana, Attorney for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Lloyd Ray Chesser appeals the trial court's order on his petition for judicial review affirming the decision of the City of Hammond Board of Public Works and Safety ("the Board") to dismiss him from the Hammond Police Department.

We affirm.

*ISSUE*

Whether the trial court erred in affirming the Board's decision.

*FACTS*

On the afternoon of March 27, 1996, Hammond Police Department Officer Chesser was involved in an incident that produced a citizen complaint concerning his use of violent force. The Chief of Police (Fred Behrens) determined that Chesser's actions had violated the Department's Rules and Regulations as well as the Canons of Police Ethics. The Chief suspended Chesser for 45 days without pay and placed him on probation for one year, beginning September 18, 1996, during which he was ordered to "not violate any Rules or Regulations of the Hammond Police Department." (R. 123). Chesser acknowledged and "accepted" the terms of the probation. (R. 125).

On May 6, 1997, Hammond police responded to a report of domestic violence at the Chesser home. When police arrived, they learned that an altercation between Chesser and his wife had taken place in front of their children. Mrs. Chesser bore scratches and red marks on her neck and lumps on her head. Chesser was charged with domestic battery, but the charge was dismissed when Mrs. Chesser indicated that she did not wish to proceed.

On May 19, 1997, the Chief informed Chesser that he was asking the Board to dismiss Chesser from his employment with

the Hammond Police Department. At a hearing, the Board heard testimony of the first officer to respond to the call from the Chesser residence on the evening of May 6, as well as the officer who took a statement that evening from Mrs. Chesser. Both officers testified that Mrs. Chesser had reported Chesser inflicted various injuries on her. The Board saw photographs of Mrs. Chesser taken that evening, and heard testimony from a third officer, who had taken the photographs. All three officers described the injuries Mrs. Chesser bore that evening. The Board received the incident reports filed concerning the events of May 6. A fourth officer, Chesser's superior, described his discussions with both Chesser and his wife on the evening of May 6. Finally, the Chief testified about how he had reviewed all the reports on the matter and determined that Chesser had (1) violated Canons of Ethics, Article 6; (2) disobeyed a lawful order, Rule 3.17, in that the probation order required that he not violate the rules and regulations; and (3) violated the rule that "officers conduct their private and professional lives so as not to bring disrespect on themselves or the department." (R. 80).

The Board was provided the Canons of Ethics and Rules and Regulations of the department. Article 6 of the Canons of Ethics provides as follows:

The law enforcement officer shall be mindful of his special identification by the public as an upholder of the law. Laxity of conduct or manner in private life, expressing either disrespect for the law or seeking to gain special privilege, cannot but reflect upon the police officer and the police service. The community and the service require that the career of a policeman give no man special perquisites. It does give the satisfaction and pride of following and furthering an unbroken tradition of safeguarding the American republic. The officer who reflects upon this tradition will not degrade it. Rather, he will so conduct his

private life that the public will regard him as an example of stability, fidelity and morality.

(R. 95). Rule 3.17 states, "Failure or deliberate refusal by any officer or civilian to obey a lawful order given by a superior shall be considered insubordination." (R. 101). Rule 16.1 provides, "Officers and civilians shall conduct their private and professional lives in such a manner so as not to bring disrespect on themselves or the department." (R. 119).

In addition, the Board heard Mrs. Chesser's testimony contradicting the statements she had given to the officers on the evening of May 6. Specifically, Mrs. Chesser testified to the Board that she had attacked Chesser and her own actions had actually inflicted her injuries.

The Board found that Chesser had violated the personal conduct rule, committed conduct unbecoming an officer, and disobeyed orders that he obey the rules. Accordingly, the Board determined that Chesser should be dismissed. Chesser sought judicial review, and the trial court affirmed the Board's order.

*DECISION*

■ Indiana Code 36–8–3–4 sets out the procedure for disciplining, demoting, or dismissing police officers. *Hilburt v. Town of Markleville*, 649 N.E.2d 1036, 1037 (Ind.Ct.App.1995), *trans. denied.* Such discipline may follow a conviction of a crime, *or* a "finding and decision of the safety board that the [officer] has been … guilty" of certain enumerated conduct, including a violation of rules, disobedience of orders, and conduct unbecoming an officer. I.C. § 36–8–3–4(b). The officer must be given an opportunity for a hearing; and if he seeks a hearing, he must be given notice of the charges and the specific conduct that comprises the charges. I.C. § 36–8–3–4(c). The decision of the board shall contain specific findings of fact. These findings must be sufficient to provide for meaningful judicial review. *Koeneman v. City of New Haven*, 506

N.E.2d 1135, 1137 (Ind.Ct.App.1987), *trans. denied.*

 The decision of the safety board may be appealed by filing a verified complaint. I.C. § 36–8–3–4(f). But the "decision of the safety board is considered prima facie correct, and the burden of proof is on the party appealing." I.C. § 36–8–3–4(h). Judicial review of the safety board's decision is limited to determining whether the board possessed jurisdiction of the subject matter; and whether its decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory or legal principle. *Rynerson v. City of Franklin,* 669 N.E.2d 964, 971 (Ind.1996). When we review the board's decision, we may not determine questions of credibility or weigh conflicting evidence. *Id.* Rather, we review the record as a whole to determine whether the board's decision is supported by substantial evidence. *Id.*

 Chesser first claims he was denied due process in that the "charges were not set forth with sufficient specificity" and "the charges as stated were too vague to allow [him] to plan a meaningful and effective defense." Chesser's Brief at 10, 11. We cannot agree.

The Chief's letter to Chesser of May 19 stated that he had determined Chesser's conduct on May 6 violated Police Department Rules and Regulations in three ways, to wit: Article 6 of the Canons of Police Ethics, Private Conduct; Rules and Regulations Article XVI, Personal Conduct, Section 16.1 Standard of Conduct; and Rules and Regulations Article III, Orders, Section 3.17 Obeying Orders.[1] More specifically, the notice informed Chesser as follows:

These violations stem from the incident with your spouse on May 6, 1997 at 1506–125th Street. The physical alterca-

tion which you had with your wife in front of your children left marks on your wife's neck and lumps on the back of her head. Your actions in grabbing her by the throat and then pounding her head against the wall violate the canons of personal conduct, as well as the general standard of conduct for any police officer who is sworn to uphold the law. These violations of the standards of conduct are themselves violations of the rules and regulations. Since part of your probation required that you commit no rules violations during the one year period, you have also violated a direct order of a superior.

(R. 128). Chesser was given the notice required by statute and by due process.

 Next, Chesser claims "the findings were not supported by the evidence and the findings are insufficient to support the decision." Chesser's Brief at 12. He argues that "the sole basis for the request to terminate" him was "the alleged domestic battery incident;" yet the criminal charge was dismissed; and Mrs. Chesser "clearly and convincingly testified that the incident did not occur as related by the police reports." *Id.* Although the statute provides for a dismissal based upon a criminal conviction, that was not the basis on which Chesser's dismissal was sought. As to his assertion about the testimony of Mrs. Chesser, the assessment of credibility and weighing of conflicting evidence is performed by the Board. *See Rynerson,* 669 N.E.2d at 971.

The Board found as follows:

1. Regardless which party was the aggressor on the night of May 6, 1997, Officer Chesser used an unreasonable and excessive amount of force against his wife. Police Officers are trained to use restraint under such circumstances.

2. Due to the fact that Officer Chesser was on probation from a similar alterca-

---

1. The Chief testified that all officers are given the Department Rules and Regulations when hired, and that they must sign for the receipt of same. No evidence or argument suggests that Chesser had not received the Rules and Regulations.

tion which occurred on March 27, 1996, it is obvious that Officer Chesser lacks the ability to control his temper in certain situations.

3. Officer Chesser understood that he was on probation as of September 18, 1996, for one year and that any further violation of Rules and Regulations of the Hammond Police Department could result in his termination of employment.

4. Although five Police Officers responded to the incident at the Chesser residence, we find no evidence that the Chief's request for dismissal was politically motivated or that there was a conspiracy against Officer Chesser. On the contrary, we feel it was to Officer Chesser's advantage that so many Officers responded.

(R. 37).

The evidence before the Board supports these findings, and the findings support the Board's decision to dismiss Chesser from the police force for committing the conduct charged.

 Chesser also claims, without supporting authority, that he "was treated in an arbitrary and capricious manner." Chesser's Brief at 14. We review a decision made by a safety board as we do that of one by an administrative agency. *Rynerson*, 669 N.E.2d at 971. An agency decision is arbitrary and capricious only where there is no reasonable basis for the decision. *Indiana Civil Rights Comm'n v. Delaware County Circuit Court*, 668 N.E.2d 1219, 1221 (Ind.1996). The facts and the findings thereon by the Board provide a reasonable basis for its decision to dismiss Chesser. Therefore, its decision was not arbitrary and capricious.

Finally, Chesser contends that he was denied a hearing before a fair and impartial decision maker. He asserts that the "appearance of impropriety" arose when "Board members went out to lunch with the attorney who represented the Police Department at the hearing." Chesser's Brief at 16. However, he fails to direct us to any evidence that such an event occurred. Moreover, he provides no authority for the proposition that (1) such a joint lunch, without more, would render a hearing before the Board unfair; or (2) such an assertion, raised for the first time on appeal and without evidentiary support, requires the remedy that he seeks: reinstatement with back pay to July 3, 1997.

We find no error here.

FRIEDLANDER, J., and GARRARD, Sr. J., concur.