William NORRIS, Appellant–Plaintiff,

v.

The CITY OF TERRE HAUTE, The Board of Public Works, & Safety of Terre Haute, Indiana, The City of Terre Haute Fire Department, Appellees–Defendants.

No. 84A01–0111–CV–447.

Court of Appeals of Indiana.

Oct. 17, 2002.

Arnold H. Brames, Brames & Oldham Terre Haute, IN, Attorney for Appellant.

Lynn A. Francis, Terre Haute, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

William Norris was demoted from his position as an Assistant Superintendent of Alarms in the Terre Haute Fire Department as part of budgetary cutbacks. Following a hearing, the Board of Public Works and Safety (the "board") approved the demotion because it was done for economic reasons. The trial court affirmed the decision of the board and Norris is appealing. We affirm.

### Issue

Norris raises a single issue for our review, which we restate as whether the grade reduction limitations of Indiana Code section 36–8–3–4(m) apply when a supervisory position is eliminated for economic reasons.

### Facts and Procedural History

The Terre Haute Fire Department employed Norris in 1979 as a firefighter in the position of private. In 1994, he was promoted to the rank of Captain in the Traffic Signal Division. In 1996, he was promoted to Assistant Superintendent of Alarms in the Traffic Signal Division.

In 1997, as part of establishing budgetary restraints for the Fire Department, the Traffic Signal Division was removed from the Fire Department and moved to the Terre Haute Street Department. As a result, Norris's supervisory position was eliminated and Norris was placed in the position of firefighter.

Following his demotion, Norris requested a hearing to determine whether he had been properly demoted. At the hearing, Norris contended that he could only be demoted to Captain, his rank before his promotion to a supervisory position. The board held a hearing on May 15, 2000, and determined that Norris's reduction in rank to firefighter was a result of the elimination of his supervisory position and that his position was eliminated for economic reasons. Therefore, Norris's rights were not violated by the action. The Vigo County Superior Court affirmed the decision of the board. This appeal ensued.

### Discussion and Decision

#### I. Grade Reduction Limitations under Indiana Code section 36–8–3–4

Norris contends that his grade reduction from Assistant Superintendent to firefighter is contrary to Indiana Code section 36–8–3–4(m), which states:

> ... [T]he executive may reduce in grade any member of the police or fire department who holds an upper level policy making position. The reduction in grade may be made without adhering to the requirements of subsections (b) through (l). However, a member may not be reduced in grade to a rank below that which the member held before the member's appointment to the upper level policy making position.

Ind.Code 36–8–3–4(m). Norris asserts that, when his position was eliminated for economic reasons, he should have been reduced to Captain, the rank he held before his appointment to the Assistant Superintendent position. We disagree.

### A. Standard of Review

Norris appeals from a negative judgment of the trial court. Consequently, on appeal, he must demonstrate that the trial court's judgment is contrary to law. *Cockrell v. Hawkins,* 764 N.E.2d 289, 292 (Ind.Ct.App.2002). A judgment is contrary to law if the evidence is without conflict and leads to a conclusion opposite that of the trial court. *Id.* When determining whether a judgment is contrary to law, we may only consider the evidence most favorable to the judgment, and we may neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

### B. Grade Reduction Limitations in Positions Eliminated for Economic Reasons

The question confronting us is one of statutory construction, i.e., whether the legislature intended that the provisions of Indiana Code section 36–8–3–4 apply when a firefighter is demoted for economic reasons. When construing the meaning of a statute, our objective is to determine and effect the intent of the legislature. *Hilburt v. Town of Markleville,* 649 N.E.2d 1036, 1038 (Ind.Ct.App.1995), *trans. denied.* Accordingly, we must consider the goals and purpose of the statute and the reasons and policy underlying the statute's enactment. *Id.* We are guided by the principle that the best evidence of the legislature's intent is the language of the statute itself. *Id.*

Indiana Code section 36–8–3–4(b) provides an exclusive list of reasons for disciplining a member by demotion, dismissal, reprimand, forfeiture or suspension. *Hilburt,* 649 N.E.2d at 1039. The purpose of section 36–8–3–4 is twofold: first, it is intended to protect police officers and firefighters and their office; second, it is intended to enhance the public's interest in being protected by police departments and fire departments consisting of well-disciplined officers. *See id.* Therefore, Indiana Code section 36–8–3–4 was intended to provide a mechanism for sanctioning police officers and firefighters upon a showing of cause, while at the same time ensuring that those subjected to such sanctions are granted protections calculated to ascertain the truth of the misconduct charges. *See id.*

When a police officer or firefighter is charged with misconduct under Indiana Code section 36–8–3–4(b), the statute's procedural safeguards are triggered. *Pfifer v. Town of Edinburgh,* 684 N.E.2d 578, 582 (Ind.Ct.App.1997), *trans. denied.* There is nothing in the text of the statute that would impair a governmental unit's prerogative to formulate a budget. *Id.*

In *Pfifer,* this court held that the notice provisions of Indiana Code section 36–8–3–4(c) did not apply when a police officer or firefighter is dismissed for economic reasons rather than disciplinary reasons. *Id.* at 583. We analyzed federal law as well as the law of other jurisdictions and recognized a distinction between person-directed and position-directed personnel actions, noting that the reason for this distinction is that the abolishment of a position results from the plenary authority of the legislative body that created the position and does not involve a personnel question as to the fitness of the particular employee who holds the position. *Id.* (citing *Shoaf v. City of Lafayette,* 421 N.E.2d 1168, 1171 (Ind.Ct.App.1981); *Baker v. Civil Serv. Comm'n,* 161 W.Va. 666, 674, 245 S.E.2d 908, 912–13 (1978)).

Our supreme court has recognized the person-directed versus position-directed distinction for over eighty years. *See Shira v. State,* 187 Ind. 441, 444–45, 119 N.E. 833, 834 (1918) (holding that dismissal of a police officer for economic reasons does

not violate the rights of the officer). The dismissal of employees based upon the economic exception has historically been upheld when the legislative body, in good faith, eliminated positions with no intention of replacing the discharged employees. *Pfifer*, 684 N.E.2d at 583. We held in *Pfifer*:

> [W]hen a legislative body, authorized to create law enforcement positions, exercises its plenary authority to eliminate those positions for economic reasons, the notice and hearing procedure set forth in Indiana Code § 36-8-3-4 is not implicated. If there is a factual basis for the claim, the proper remedy for an officer whose position has been eliminated under the economic exception is to file suit against the legislative body alleging that the action to eliminate the position was not taken in good faith.

*Id.* at 583-84. Therefore, we refused to extend the protections of Indiana Code section 36-8-3-4 to position-directed personnel actions.

■■■ Although the holding in *Pfifer* related only to the notice and hearing provisions of section 36-8-3-4, we find the decision instructive in the present case as well. Norris contends that he should have benefited from the protection of section 36-8-3-4(m) and that therefore, he should not have been demoted below the rank of Captain, the last rank he held before being promoted to a supervisory position. However, Norris was not demoted for a disciplinary reason, but rather because the position he held was eliminated for economic reasons. Therefore, Norris is not entitled to the protections of section 36-8-3-4.[1]

Norris contends that *Pfifer* is distinguishable because the employment of the plaintiffs in that case was terminated where Norris was demoted. We find the demotion/termination distinction unconvincing. Section 36-8-3-4(b) states that "Except as provided in subsection (n), a member may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension. . . ." Section 36-8-3-4 anticipates dismissal and demotion as well as other disciplinary actions. Therefore, this is a distinction without a difference.

Additionally, Norris asserts that the economic exception is only an exception for the hearing requirements of Indiana Code section 36-8-3-4 and not for the protections afforded by subsection (m). This court has refused to extend the protections of section 36-8-3-4 to position-directed economic-based personnel decisions. Although this court has not had reason previously to state that the protections guaranteed by subsection (m) are not available when a firefighter is demoted for position-directed personnel decisions, we hold that such protections are available only when a firefighter is demoted for disciplinary reasons. *See also City of Indianapolis v. State*, 224 Ind. 600, 70 N.E.2d 635 (1947) (holding that the city of Indianapolis could dismiss firefighters solely for economic reasons as long as the action is taken in good faith).

Finally, Norris asserts that this his position was not eliminated for economic reasons because the positions were moved from the Fire Department to the Terre Haute Street Department, where the positions were filled by employees of that de-

---

1. Norris makes specific challenges to two of the trial court's Findings of Fact. Appellant's Brief at 11-12. These challenges relate to the trial court's characterization of Norris's supervisory position and the governmental body which eliminated the position. These arguments relate to the interpretation of Indiana Code section 36-8-3-4. However, as Norris is not entitled to the protections of section 36-8-3-4, these arguments are irrelevant to the judgment.

partment. However, the city states that the move was economic-based because the Fire Department was in need of money and the Street Department has other sources of funding. The trial court heard testimony from both sides and found that Norris's demotion was economic-based and we decline his invitation to reweigh the evidence.

### Conclusion

Norris has not proven that there was only one conclusion, that which was not reached by the trial court. Indiana Code section 36–8–3–4 protects police officers and firefighters from being terminated or demoted. However, the protections of section 36–8–3–4 are not implicated in a position-directed, economically-based personnel decision. Norris's position was terminated for economic reasons and therefore, the protections of section 36–8–3–4 are not implicated. The decision of the Terre Haute Board of Public Works and Safety to demote Norris to the position of firefighter is affirmed.

Affirmed.

RILEY, J., and MATTINGLY–MAY, J., concur.